█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK ANTHONY CIAVARELLI, Appellant.— Defendant appeals from: (1) a judgment of the County Court, Westchester County, rendered April 23, 1958, after a jury trial, convicting him of robbery in the first degree, and of other crimes; and (2) from every intermediate order made in the action. Defendant was tried on two separate indictments. In Indictment No. 17383, he was charged with the commission of the crimes of robbery in the first degree (two counts), grand larceny

in the first degree, and assault in the second degree. In Indictment No. 17384, he was also charged with the commission of similar crimes in four similar counts. The first indictment arose from a robbery committed on November 10, 1956. The second indictment charges a robbery perpetrated upon the same complainant on April 6, 1957. The jury found appellant to be guilty as charged. He was sentenced solely under Indictment No. 17383 on each of the two robbery counts therein, as a second felony offender, to imprisonment of from 15 to 20 years, the sentences to run concurrently. No sentence was imposed under Indictment No. 17384. One judgment was entered, setting forth the conviction on both indictments and the sentences upon the crimes charged in the first indictment, No. 17383. Judgment modified on the law by striking out and annulling the sentence imposed on the second robbery count of Indictment No. 17383. As so modified, the judgment is affirmed. The findings of fact are affirmed. In presenting to the jury the question of defendant's guilt of the separate robberies, to the exclusion of the lesser or constituent offenses, the charge of the court, in any event, was substantially correct (*People* v. *Mussenden,* 308 N. Y. 558). Defendant could not be twice sentenced, however, for the same robbery under Indictment No. 17383 (*People* v. *Goggin,* 256 App. Div. 995, affd. 281 N. Y. 611). In view of the failure to impose or suspend sentence under Indictment No. 17384, the judgment of conviction, insofar as it relates to the crimes charged in such indictment may not be reviewed on appeal (cf. *People* v. *Cioffi,* 1 N Y 2d 70). No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.